**UNITED STATES of America**

v.

**Jorge Walter ORELLANA, a.k.a. Walter Orellana, a.k.a George Orellana, Defendant.**

**No. 99–CR–328(LEK).**

United States District Court, N.D. New York.

Nov. 1, 1999.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Defendant is a previously deported alien charged with unauthorized reentry into the United States. Presently before the Court is Defendant's omnibus motion for discovery regarding the grand jury process and for dismissal of the indictment based on the alleged grand jury deficiencies. For the reasons set forth below, Defendant's motion is denied.

### I. BACKGROUND

Defendant is an alien who was deported on December 9, 1996, back to his home in El Salvador following conviction for a felony burglary offense. On January 3, 1999, near Laredo, Texas, Defendant re-entered the United States by wading across the Rio Grande. On June 24, 1999, Agent Gregory Edict from the Immigration and Naturalization Service located Defendant in the Columbia County Jail. Defendant re-entered this country without first applying for or receiving the express consent of the Attorney General to reapply for admission to the United States, he was charged with violation of 8 U.S.C. § 1326. A federal grand jury subsequently returned an indictment charging Defendant with one count of Reentry of Deported Alien—a violation of 8 U.S.C. § 1326. According to the government, Defendant never disclosed his prior deportation to the INS or the Border Patrol because Defendant provided information regarding his name and birth that differed from that on record from his prior deportation.

### II. ANALYSIS

#### A. Grand Jury Disclosures

 Defendant has failed to justify any inquiry into the grand jury process. As the Second Circuit clearly articulated in *United States v. Torres*, 901 F.2d 205, 233 (2d Cir.1990), a review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct. The Supreme Court has repeatedly emphasized that grand jury proceedings carry a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process. Those factual allegations have not been made. Instead, this Court is confronted with raw conjecture lacking any substantiation whatsoever.

We do not protect the integrity and independence of the grand jury by closing our eyes to the countless forms of prosecutorial misconduct that may occur inside the secrecy of the grand jury room. After all, the grand jury is not merely an investigatory body; it also serves as a "protector of citizens against arbitrary and oppressive governmental action." *United States v. Calandra*, 414 U.S. 338, 343, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). Although many governmental processes operate best under public scrutiny, it takes little imagination to recognize that there are some kinds of government operations that would be totally frustrated if conducted openly. The courts have long recognized the grand jury as the classic exception: "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979).

 As a predecessor court once noted, "[g]rand juries are the offspring of free government; they are a protection against illfounded accusations, and the necessity of their originating bills of indictment is sup-

posed to be infinitely more friendly to liberty than the mode of proceeding by information." *United States v. Smith*, 27 F.Cas. 1186, 1188 (C.C.D. New York 1806). That rings no less true today. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, secrecy prevents any stigmatizing of those accused who are later exonerated. Accordingly, absent a showing of a "substantial likelihood of gross or prejudicial irregularities in the conduct of the grand jury," a court will not order disclosure of transcripts of grand jury proceedings. *United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir.), *cert. denied*, 409 U.S. 949, 93 S.Ct. 271, 34 L.Ed.2d 220 (1972). Defendant has not provided any grounds whatsoever to justify inquiry into the grand jury proceedings in this case.

**B. Remaining Motions**

For the reasons set forth in the Government's Opposition to Defendant's Omnibus Motion at footnote 1 and request for an order to compel discovery are denied as moot.

As explained above, there is no basis for dismissing the indictment, which meets the requirements of Fed.R.Crim.P. 7(c)(1).

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendant's omnibus motion is DENIED in all respects; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.